**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50126 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00486-R-2 |
| v. | |
| HUNG VAN TIEU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: BENAVIDES,[**] BYBEE, and NGUYEN, Circuit Judges.

A jury found Hung Van Tieu guilty of one count of conspiracy to commit

access-device fraud, in violation of 18 U.S.C. § 1029(b)(2); two counts of access-

device fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 2(a); and one count of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the
U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2(a). We have jurisdiction over Tieu's appeal pursuant to 28 U.S.C. § 1291. We vacate Tieu's convictions and remand for a new trial.

During the trial, on direct examination, Tieu's attorney questioned him regarding some of his actions that were not charged in the indictment. The district judge twice admonished the attorney "not to lead the witness" and once not to repeat Tieu's testimony. Despite these admonishments, Tieu's attorney continued to ask leading questions and repeat Tieu's testimony. Immediately thereafter, the district judge interrupted the attorney to hold a sidebar, during which the judge told the attorney: "I am just advising you on your questions and your statements to the witness before the questions. You are now abetting in perjury."[1] Tieu's attorney ceased his direct examination of Tieu and unsuccessfully moved for a mistrial. The attorney subsequently suggested that the judge had created a conflict of interest between the attorney's personal interest and his interest in representing his client, and twice more unsuccessfully moved for a mistrial. The judge instructed

---

[1] Unbeknownst to counsel, the judge's admonishment apparently stemmed from a misrecollection or misunderstanding of Tieu's testimony, during which the judge erroneously concluded that Tieu had admitted to certain facts pertaining to the charges.

the attorney that he had an obligation to continue his representation of Tieu, and the attorney did so, including conducting a redirect examination of Tieu.

Tieu argues on appeal that the judge's "perjury" comment created a conflict of interest for his attorney that adversely affected the attorney's performance, violating Tieu's Sixth Amendment rights. We agree.

"In order to prevail on an ineffective assistance of counsel claim based on conflict of interest, a defendant must show that 'an actual conflict of interest adversely affected his lawyer's performance.'" *United States v. Miskinis*, 966 F.2d 1263, 1268 (9th Cir. 1992) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)); *see also Mannhalt v. Reed*, 847 F.2d 576, 580 (9th Cir. 1988) ("Although *Cuyler* involved a conflict of interest between clients, the presumption of prejudice extends to a conflict between a client and his lawyer's personal interest."). "To establish that a conflict of interest adversely affected counsel's performance, the defendant need only show that some effect on counsel's handling of particular aspects of the trial was likely." *Miskinis*, 966 F.2d at 1268 (internal quotation marks omitted). "Although a defendant who raises an ineffective assistance of counsel claim is ordinarily required to show prejudice, prejudice is presumed if the alleged violation is based on an actual conflict of interest." *Id.* (internal citations omitted).

Here, the judge told Tieu's attorney–in no uncertain terms–that he was about to violate the law by questioning his client regarding certain conduct. Once the judge made this comment, Tieu's attorney was conflicted between his interest in avoiding his own possible exposure to criminal liability on the one hand, and his interest in continuing to deploy his planned trial strategy on Tieu's behalf, on the other. Therefore, there was an actual conflict of interest.

Further, the conflict likely had an adverse effect on the attorney's representation of Tieu. Tieu need only show that "some effect on counsel's handling of particular aspects of the trial was likely." *Id.* (internal quotation marks omitted). Here, Tieu's attorney completely halted direct examination of Tieu when the judge made the unwarranted "perjury" comment. That Tieu's attorney continued to represent Tieu for the remainder of the trial, even conducting a redirect examination of Tieu, does not undermine the conclusion that the direct examination, at the very least, was adversely affected by the conflict.

Tieu's convictions are thus VACATED, and this matter is REMANDED for a new trial.[2]

---

[2] Because we vacate Tieu's convictions and remand for a new trial on the basis of his claim regarding the "perjury" comment, we need not consider his claim that the district court abused its discretion by denying Tieu's pre-trial request for substitution of counsel.